IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WYATT, JR., <br> TDCJ No. 333787, | § § § | |
| Petitioner, | § § | |
| V. | § | No. 3:22-cv-815-L-BN |
| STATE OF TEXAS, | § § § § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner George Wyatt, Jr., a Texas prisoner, returns to federal court with a *pro se* filing titled Motion to Reduce State Jail Felony to Misdemeanor [Dkt. No. 2], which has been construed as an application for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his 1982 Dallas County conviction for robbery enhanced by a prior felony, which resulted in a sentence of 75 years of imprisonment. *See State v. Wyatt*, F82-75285 (282d Dist. Ct., Dall. Cnty., Tex. Mar. 26, 1982), *aff'd*, 05-82-00411-CR (Tex. App. – Dallas July 13, 1983, pet. ref'd); Dkt. No. 2 at 1.

United States District Judge Sam A. Lindsay referred this filing to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent that Wyatt meant to make this filing in federal court, because the construed Section 2254 petition is unauthorized as successive, and considering the circumstances here, the Court should dismiss the application without

prejudice to Wyatt's right to seek authorization from the Fifth Circuit to file a successive habeas application.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Wyatt has already exercised his "one fair opportunity to seek federal habeas relief from [his 1982 robbery] conviction." *Banister*, 140 S. Ct. at 1702; *see, e.g.*, *Wyatt v. Cockrell*, No. 3:02-cv-366-G, 2003 WL 124280 (N.D. Tex. Jan. 13, 2003) (dismissing Section 2254 petition with prejudice as time barred); *Wyatt v. Dretke*, No. 3:05-cv-98-N, 2005 WL 659034 (N.D. Tex. Mar. 21, 2005), *rec. accepted*, 2005 WL 1025970 (N.D. Tex. Apr. 28, 2005) (dismissing petition without prejudice as successive). And Wyatt's

current claims allege defects in that conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Martinez when he filed an initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222; *see, e.g.*, *Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))).[1]

The construed habeas petition before the Court is therefore successive. And Wyatt's failure to first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider its merits. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive'

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221 ("[P]etitioners filing later habeas petitions [may not] assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. … AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive."); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring the construed application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, given Wyatt's history of collateral attacks and the posture of this proceeding, including Wyatt's confusing filing construed as a Section 2254 application, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Petitioner George Wyatt, Jr.'s construed application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file a motion for authorization to file a successive application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 14, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE