IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GEORGE WYATT, JR.,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-815-L-BN** |
| § | |
| **STATE OF TEXAS,** § | |
| § | |
| Respondent. § | |

## **ORDER**

On April 14, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 3) was entered, recommending that the court dismiss without prejudice for lack of jurisdiction Petitioner's successive habeas petition that was filed pursuant to 28 U.S.C. § 2254. Normally, successive petitions are transferred to the United States Court of Appeals for the Fifth Circuit, but the magistrate judge recommends that this action be dismissed without prejudice to Petitioner's right to file a motion with the Fifth Circuit to obtain authorization to file a successive habeas application given his history of filing unauthorized habeas actions to collaterally attack his 1982 Texas robbery conviction. No objections to the Report were filed as of the date of this order, and the deadline for filing objections has expired.

Having reviewed the Petitioner's habeas petition, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct; **accepts** them as those of the court; and, instead of transferring this habeas action, it **dismisses without prejudice** the action for lack of jurisdiction. If Petitioner would like to file a successive habeas application, he must first file a motion with the Fifth Circuit to obtain authorization.

**Order – Page 1**

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 18th day of May, 2022.

Sam A. Lindsay
United States District Judge

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    (a)     Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (b)     Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**